Joshua H. Lerner (SBN 220755)
*joshua.lerner@wilmerhale.com*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
One Front Street, Suite 3500
San Francisco, CA 94111
Tel: +1 626 235 1000

*Attorney for Plaintiff Campari America LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMPARI AMERICA LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAPCABO LLC,<br><br>　　　　　Defendant. | **CASE NUMBER: 2:24-cv-01848**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

1.　Plaintiff Campari America LLC ("Campari") for its Complaint against Defendant Capcabo LLC alleges as follows:

## NATURE OF THE ACTION

2.　This is an action by Campari against Defendant Capcabo LLC for blatant trademark infringement and unfair competition. Defendant's restaurant "Cabo Wabo Cantina Hollywood"—the name itself an unabashed appropriation of Campari's CABO WABO and CABO WABO CANTINA marks—is a hotbed of trademark infringement and consumer confusion. From the moment the public walk by the front of Defendant's restaurant, they are faced with infringing signs on the entryway sidewalk. Inside the restaurant, the infringement persists, with extensive signage, décor, furniture, and merchandise for sale displaying Campari's infringed marks. Defendant even infringes on Campari's rights in the digital world, where Defendant regularly appropriates Campari's marks in social media

1  posts for all the world to see. Defendant's widespread and intentional
2  infringement of Campari's marks, and the likelihood of consumer confusion, are
3  the basis for this action.

## THE PARTIES

5  3. Plaintiff Campari America LLC is a Delaware Limited Liability
6  Corporation with its principal place of business at 1255 Battery Street, Suite 500,
7  San Francisco, California 94111.

8  4. Defendant Capcabo LLC is a Delaware Limited Liability Corporation
9  with its principal place of business at 500 Via Val Verde, Montebello, California
10 90640.

## JURISDICTION AND VENUE

12 5. This action arises under the federal trademark statute (the "Lanham
13 Act"), 15 U.S.C. § 1051 et seq., and under the common law of the State of
14 California. This Court has subject matter jurisdiction over the federal trademark
15 claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. The
16 Court has subject matter jurisdiction over the related California state law claims
17 pursuant to 28 U.S.C. §§ 1338 and 1367.

18 6. This Court has personal jurisdiction over Defendant because its
19 principal place of business is in this district, and because the causes of action
20 asserted in this Complaint arise out of Defendant's conduct within this district.

21 7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1)
22 because Defendant is a resident of California and this district.

## FACTUAL BACKGROUND

**A. Plaintiff Makes CABO WABO Brand Tequila and Owns The CABO WABO and CABO WABO CANTINA Trademarks**

26 8. Plaintiff makes and sells CABO WABO brand tequila, which is
27 available throughout the United States.

9. Plaintiff has licensed the CABO WABO service mark to the operators of restaurants serving Mexican cuisine and serving alcoholic beverages. These CABO WABO CANTINA restaurants are located in Las Vegas, Nevada and Cabo San Lucas, Mexico.

10. Plaintiff, or its predecessors-in-interest, have been using the mark CABO WABO for restaurant and bar services since at least April 22, 1990, with use in the United States since at least April 30, 2004.

11. Plaintiff holds United States Trademark Registration No. 3,282,174 (the "'174 registration") dated August 21, 2007, for CABO WABO for "restaurant and bar services." Attached hereto as **Exhibit A** is the registration certificate for United States Trademark Registration No. 3,282,174. The application that led to this registration was filed on November 16, 2006. This registration is valid and subsisting, uncancelled, and unrevoked.

12. The '174 registration was registered more than five years ago and has become incontestable within the meaning of 15 U.S.C. § 1065. The '174 registration thus constitutes conclusive evidence of Campari's trademark ownership, Campari's exclusive right to use the mark throughout the United States and the validity of the registration and the mark. *See* 15 U.S.C. § 1115(b).

13. Plaintiff holds United States Trademark Registration No. 3,066,473 (the "'473 registration") dated March 7, 2006, for CABO WABO CANTINA for, among other things, "restaurant and bar services." Attached hereto as **Exhibit B** is the registration certificate for United States Trademark Registration No. 3,066,473. The application that led to this registration was filed on March 28, 2001. This registration is valid and subsisting, uncancelled, and unrevoked.

14. The '473 registration was registered more than five years ago and has become incontestable within the meaning of 15 U.S.C. § 1065. The '473 registration thus constitutes conclusive evidence of Campari's trademark

1  ownership, Campari's exclusive right to use the mark throughout the United States
2  and the validity of the registration and the mark. *See* 15 U.S.C. § 1115(b).

3  15. Plaintiff holds United States Trademark Registration No. 3,261,376
4  (the "'376 registration") dated July 10, 2007, for CABO WABO CANTINA for,
5  among other things, "[r]etail store services featuring a wide variety of goods"
6  including "clothing" and "headgear." Attached hereto as **Exhibit C** is the
7  registration certificate for United States Trademark Registration No. 3,261,376.
8  The application that led to this registration was filed on March 28, 2001. This
9  registration is valid and subsisting, uncancelled, and unrevoked.

10  16. The '376 registration was registered more than five years ago and has
11  become incontestable within the meaning of 15 U.S.C. § 1065. The '376
12  registration thus constitutes conclusive evidence of Campari's trademark
13  ownership, Campari's exclusive right to use the mark throughout the United States
14  and the validity of the registration and the mark. *See* 15 U.S.C. § 1115(b).

15  17. Plaintiff holds United States Trademark Registration No. 3,282,183
16  (the "'183 registration") dated August 21, 2007, for CABO WABO for, among
17  other things, "[r]etail store services featuring a wide variety of goods" including
18  "clothing" and "headgear." Attached hereto as **Exhibit D** is the registration
19  certificate for United States Trademark Registration No. 3,282,183. The
20  application that led to this registration was filed on November 17, 2006. This
21  registration is valid and subsisting, uncancelled, and unrevoked.

22  18. The '183 registration was registered more than five years ago and has
23  become incontestable within the meaning of 15 U.S.C. § 1065. The '183
24  registration thus constitutes conclusive evidence of Campari's trademark
25  ownership, Campari's exclusive right to use the mark throughout the United States
26  and the validity of the registration and the mark. *See* 15 U.S.C. § 1115(b).

27  19. Plaintiff holds United States Trademark Registration No. 3,624,573
28  (the "'573 registration") dated May 19, 2009, for CABO WABO CANTINA for

"[c]lothing, namely, tank tops, shirts, … T-shirts, pullovers and headwear." Attached hereto as **Exhibit E** is the registration certificate for United States Trademark Registration No. 3,624,573. The application that led to this registration was filed on December 19, 2006. This registration is valid and subsisting, uncancelled, and unrevoked.

20. The '573 registration was registered more than five years ago and has become incontestable within the meaning of 15 U.S.C. § 1065. The '573 registration thus constitutes conclusive evidence of Campari's trademark ownership, Campari's exclusive right to use the mark throughout the United States and the validity of the registration and the mark. *See* 15 U.S.C. § 1115(b).

21. Plaintiff holds United States Trademark Registration No. 3,282,182 (the "'182 registration") dated August 21, 2007, for CABO WABO for "[c]lothing, namely, shorts, tanktops, shirts, sweatshirts, jackets, headwear, [and] bandanas." Attached hereto as **Exhibit F** is the registration certificate for United States Trademark Registration No. 3,282,182. The application that led to this registration was filed on November 17, 2006. This registration is valid and subsisting, uncancelled, and unrevoked.

22. The '182 registration was registered more than five years ago and has become incontestable within the meaning of 15 U.S.C. § 1065. The '182 registration thus constitutes conclusive evidence of Campari's trademark ownership, Campari's exclusive right to use the mark throughout the United States and the validity of the registration and the mark. *See* 15 U.S.C. § 1115(b).

23. Plaintiff holds United States Trademark Registration No. 3,066,661 (the "'661 registration") dated March 7, 2006, for CABO WABO for goods including "[b]everage glassware." Attached hereto as **Exhibit G** is the registration certificate for United States Trademark Registration No. 3,066,661. The

1  application that led to this registration was filed on January 13, 2004. This
2  registration is valid and subsisting, uncancelled, and unrevoked.

3  24. The '661 registration was registered more than five years ago and has
4  become incontestable within the meaning of 15 U.S.C. § 1065. The '661
5  registration thus constitutes conclusive evidence of Campari's trademark
6  ownership, Campari's exclusive right to use the mark throughout the United States
7  and the validity of the registration and the mark. *See* 15 U.S.C. § 1115(b).

**B.   Defendant Infringes Plaintiff's Marks In Signage, Decorations, Products, and Online.**

25. In or around December 2023, Defendant opened "Cabo Wabo Cantina Hollywood" at 6922 Hollywood Blvd., Los Angeles, CA. "Cabo Wabo Cantina Hollywood" provides restaurant and bar services. Defendant is neither affiliated with nor a licensee of Plaintiff, but nonetheless makes extensive, unpermitted use of Campari's CABO WABO and CABO WABO CANTINA marks in connection with "Cabo Wabo Cantina Hollywood."

26. The external signage, internal decorations, and menus of "Cabo Wabo Cantina Hollywood" make extensive use of Campari's CABO WABO and CABO WABO CANTINA marks.

27. For example, the CABO WABO CANTINA mark is displayed prominently above the door of "Cabo Wabo Cantina Hollywood" and on a large floor decal immediately inside the building where it is readily visible to consumers traversing a heavily trafficked stretch of Hollywood Boulevard.



28. The CABO WABO CANTINA mark is also prominently displayed on sandwich board signage in front of "Cabo Wabo Cantina Hollywood."



1  29. Defendant also sells at the "Cabo Wabo Cantina Hollywood" merchandise including T-shirts, sweatshirts, headwear, and glassware bearing the CABO WABO and CABO WABO CANTINA marks.

30. The infringing products bearing the CABO WABO and CABO WABO CANTINA marks are prominently displayed inside "Cabo Wabo Cantina Hollywood," alongside other signage bearing the marks.



31. Moreover, Defendants promote the products bearing the infringing marks using the CABO WABO and CABO WABO CANTINA marks, falsely asserting to consumers that the products are "OFFICIAL MERCH."



32. In addition to Defendant's extensive on-site use of the CABO WABO and CABO WABO CANTINA marks, Defendant has regularly advertised and promoted "Cabo Wabo Cantina Hollywood" on multiple social media platforms, including via the Instagram account "cabowabocantinahollyhood"[1] as well as via the "Cabo Wabo Cantina Hollywood" Facebook profile page.

33. For example, on December 10, 2023, Defendant posted on Instagram announcing the opening of "Cabo Wabo Cantina Hollywood," prominently featuring Plaintiff's marks in the advertisement.



---

[1] At some point on or after March 1, 2024, Defendant appears to have changed its Instagram handle to "cabohollywood." As of March 7, 2024, many of the Instagram posts identified in this Complaint remain posted on that account.

-9-

COMPLAINT

34. The following day, December 11, 2023, Defendant posted on Facebook announcing the opening of "Cabo Wabo Cantina Hollywood," prominently featuring Plaintiff's marks in the advertisement.



35. Defendant continues to advertise and promote "Cabo Wabo Cantina Hollywood" on Instagram and Facebook, making extensive use of Campari's CABO WABO and CABO WABO CANTINA marks.



36. Defendant has further used Plaintiff's marks in advertisements alongside images of Santa Claus and similar imagery, which create significant risk of reputational harm to Plaintiff. Such uses would likely constitute violations of the distilled spirits industry's self-regulatory marketing code, the Distilled Spirits Council of the United States' Code of Responsible Practices for Beverage Alcohol Advertising and Marketing, which expressly notes that beverage alcohol advertising and marketing material that "[u]ses the name of or depicts Santa Claus," would violate the code.



37. On information and belief, Defendant's adoption and use of CABO WABO and CABO WABO CANTINA is an intentional and obvious attempt to trade on the goodwill established in Campari's CABO WABO and CABO WABO CANTINA marks.

38. Defendant's CABO WABO and CABO WABO CANTINA marks are identical to Campari's CABO WABO and CABO WABO CANTINA marks and are used in conjunction with the same or related goods and services.

39. On information and belief, consumers are likely to believe that "Cabo Wabo Cantina Hollywood" and its goods and services are affiliated with or sponsored, authorized, or endorsed by Campari, including at least because Defendant's Instagram posts feature Plaintiff's own products alongside Defendant's infringing uses of the CABO WABO and CABO WABO CANTINA marks and because Defendant asserts that merchandize bearing the infringing marks is "OFFICIAL MERCH."

40. Defendant's infringing activity has impaired Campari's goodwill in the CABO WABO and CABO WABO CANTINA marks.

41. Campari would suffer substantial hardship, in the form of impaired goodwill, if Defendant's use of its trademarks were allowed to continue.

42. On information and belief, Defendant would not suffer substantial hardship if ordered to cease use of Campari's trademarks, at least because that cessation would involve only the replacement of signage and menus at one physical location, completion of a small amount of administrative paperwork, and removal of online social media posts.

43. The public interest favors the cessation of Defendant's use of the name "Cabo Wabo Cantina" and sale of Cabo Wabo branded merchandise since the names are confusing to consumers and infringe Campari's trademark rights.

### C. Defendant Lacks Authorization

44. Defendant's use of Campari's CABO WABO and CABO WABO CANTINA marks is not authorized. Defendant has never been licensed to use the CABO WABO marks and CABO WABO CANTINA marks for "Cabo Wabo Cantina Hollywood" or in its advertising and marketing thereof.

45. On information and belief, in 2013, Campari's licensee Mas Cantinas, LLC, entered into a sub-licensee agreement (the "2013 Agreement") with Catchris LLC ("Catchris") providing Catchris certain limited rights to use the CABO WABO and CABO WABO CANTINA marks. On information and belief, Catchris' rights under the 2013 Agreement were tied to a separate restaurant from "Cabo Wabo Cantina Hollywood," which was located at 6801 Hollywood Blvd. On information and belief, the 2013 Agreement and the limited rights it granted terminated upon the termination of Catchris' lease at 6801 Hollywood Blvd.

46. On information and belief in 2020, Campari's licensee Red Head, Inc., entered into a sub-licensee agreement (the "2020 Agreement") with Defendant, providing Defendant certain limited rights to use the CABO WABO and CABO WABO CANTINA marks, but none of which extended to use in connection with "Cabo Wabo Cantina Hollywood." Moreover, on information and belief, the 2020 Agreement—and all limited rights to use the CABO WABO and CABO WABO CANTINA marks thereunder terminated in November 2022, over a year before the opening of "Cabo Wabo Cantina Hollywood."

47. On information and belief, Defendant's use of Campari's CABO WABO and CABO WABO CANTINA marks in connection with "Cabo Wabo Cantina Hollywood" is not authorized under either the 2013 Agreement or the 2020 Agreement.

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT

48. Plaintiff realleges and incorporates herein the allegations contained in the foregoing paragraphs.

49. The actions of Defendant described above, and specifically without limitation their unauthorized use of the CABO WABO and CABO WABO CANTINA trademarks in commerce to advertise, promote, market, and provide restaurant and bar services, clothing, and beverage glassware in this district constitute trademark infringement in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

50. The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the CABO WABO and CABO WABO CANTINA marks, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

51. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant through the operation of "Cabo Wabo Cantina Hollywood," and the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendant were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**COUNT II – VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**

52. Plaintiff realleges and incorporates herein the allegations contained in the foregoing paragraphs.

53. The actions of Defendant described above, and specifically without limitation their unauthorized use of the CABO WABO and CABO WABO CANTINA trademark in commerce to advertise, promote, market, and provide restaurant and bar services, clothing, and beverage glassware in this district,

constitute trademark infringement, false advertising, and unfair competition in violation of the laws of the State of California.

54. By these actions, Defendant has violated the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 and 17500, et seq., and, as a result of those actions, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

55. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

**COUNT III – COMMON LAW TRADEMARK INFRINGEMENT**

56. Plaintiff realleges and incorporates herein the allegations contained in the foregoing paragraphs.

57. Plaintiff, or its predecessors-in-interest, first used the CABO WABO and CABO WABO CANTINA marks in the United States as early as 1999. The CABO WABO and CABO WABO CANTINA marks have become widely known throughout the United States and consumers have come to identify Plaintiff as the exclusive source of the goods and services to which the CABO WABO and CABO WABO CANTINA marks are applied. The CABO WABO and CABO WABO CANTINA marks are or have become distinctive.

58. Defendant, with knowledge of and with intentional disregard of Plaintiff's rights, continues to advertise, promote, and sell goods and services using the CABO WABO and CABO WABO CANTINA marks. Such acts by Defendant have caused and continue to cause confusion as to the source and/or sponsorship of Plaintiff's goods and services.

59. Defendant's acts constitute willful infringement of Plaintiff's exclusive rights to the CABO WABO and CABO WABO CANTINA marks in violation of common law.

60. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable harm to Plaintiff's valuable CABO WABO and CABO WABO CANTINA marks. Plaintiff will continue to be irreparably harmed unless Defendant is restrained from further infringement of Plaintiff's CABO WABO and CABO WABO CANTINA marks.

61. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and that judgment be entered against Defendant as follows:

(a) That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 et seq.; California Business and Professions Code §§ 17200 and 17500 et seq.; specifically, that Defendant and all of its officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from using the CABO WABO mark, or any mark confusingly similar to the CABO WABO mark, in connection with the marketing, promotion, advertising, or provision of any restaurant or bar products or services or clothing or beverage glassware;

(b) That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 et seq.; California Business and Professions Code §§ 17200 and 17500 et seq.; specifically, that Defendant and all of its respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from using the CABO WABO CANTINA mark, or any mark confusingly similar to the CABO WABO CANTINA mark, in connection with the marketing, promotion, advertising, or provision of any restaurant or bar products or services or clothing or beverage glassware;

(c) That the Court order Defendant to file with the Court, within ten days from entry of an injunction, a declaration signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

(d) That Defendant be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, et seq.;

(e) That Defendant be adjudged to have competed unlawfully and unfairly against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, et seq.;

(f) That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendant's infringement;

(g) That Plaintiff be awarded Defendant's profits derived by reason of said acts;

(h) That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act;

(i) That Plaintiff be granted pre-judgment and post-judgment interest;

(j) That Plaintiff be granted costs associated with the prosecution of this action; and

(k) That Plaintiff be granted such further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1 of this Court, Plaintiffs hereby demand a trial by jury as to all issues so triable.

| | | |
|---|---|---|
| 1 | Dated: March 7, 2024 | Respectfully Submitted, |
| 2 | | |
| 3 | | |
| 4 | | By: /s/       *Joshua H. Lerner* |
| 5 | | Joshua H. Lerner (SBN 220755) |
| 6 | | *joshua.lerner@wilmerhale.com*<br>**WILMER CUTLER PICKERING<br>HALE AND DORR LLP** |
| 7 | | One Front Street, Suite 3500<br>San Francisco, CA 94111 |
| 8 | | Tel: +1 626 235 1000 |
| 9 | | *Attorney for Plaintiff Campari America LLC* |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

COMPLAINT